UNITED STATES BANKRUPTCY COURT          HEARING DATE: June 12, 2012
EASTERN DISTRICT OF NEW YORK             HEARING TIME: 10:00 a.m.

-----------------------------------------------------------x

In re                                                     Chapter 11

                                                          Case No. 11-49728 (JF)

COLMAR REALTY LLC,

   Debtor.

-----------------------------------------------------------x

## OBJECTION OF THE UNITED STATES TRUSTEE
## TO THE DEBTOR'S DISCLOSURE STATEMENT

TO:    THE HONORABLE JEROME FELLER,
       UNITED STATES BANKRUPTCY JUDGE:

         Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"),

respectfully submits her comments and objections to the proposed Disclosure Statement in

connection with the above-captioned debtor's (the "Debtor") Chapter 11 Plan of Reorganization

(the "Plan"). The Disclosure Statement is deficient and fails to meet the standards for containing

"adequate information" in the areas set forth below.

## FACTUAL BACKGROUND

         On November 18, 2011 (the "Filing Date"), the Debtor commenced this case by filing a

voluntary petition under chapter 11 of the Bankruptcy Code.  *See* ECF Doc. No. 1.  The United

States Trustee was not able to appoint an official committee of unsecured creditors in this case.

         On March 30, 2012, the Debtor filed its Plan and Disclosure Statement.  *See* ECF Doc.

Nos. 21, 22.  Under the Plan, the Debtor expects to pay all unsecured creditors in full by having

its principal invest the necessary funds into the Debtor, which funds would be raised from the

sales of other properties the Debtor's principal owns or controls.  *See* Disclosure Statement at 5-

6.  The Disclosure Statement also provides that if the Debtor is not able to raise the appropriate funds through the sale of other properties owned or controlled by its principal, "the Debtor will retain a broker or auctioneer" to sell its primary valuable asset, a piece of real property in Sunnyside, New York (the "Property").  *See id.* at 3, 5.

### LEGAL STANDARDS

To be approved, a disclosure statement must contain "adequate information." 11 U.S.C. §1125(b).  The precise information required in a disclosure statement is to be governed by the facts and circumstances presented in each case.  *Kirk v. Texaco*, 82 B.R. 678, 681 (S.D.N.Y. 1988) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess., 408-409 (1977) U.S.C.C.A.N. 1978, 5787, 6365 ("[p]recisely what constitutes adequate information in any particular instance will develop on a case-by-case basis"); *accord In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990).

Generally, however, the disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization and all material information relating to the risks posed to creditors and equity interest holders under the proposed plan of reorganization. *Cardinal Congregate*, 121 B.R. at 764 (citations omitted); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991) (noting that a disclosure statement should "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution").  Where the proffered disclosure statement is lacking in meaningful, necessary, and critical information, it must be disapproved as failing to meet even the minimal requirements of 11 U.S.C. § 1125.  *In re Microwave Prods. of Am., Inc.*, 100 B.R. 376, 378 (Bankr. W.D. Tenn. 1989).

## OBJECTIONS

### The Disclosure Statement Fails to Provide a Comprehensive Discussion of the Distributions To Creditors If the Debtor's Principal Fails to Sell Other Properties She Owns or Controls

According to the Plan, if "the Debtor's principal is not able to sell her other properties, the Debtor shall retain a broker or auctioneer to sell the Property." *See* Plan at 8; *see also* Disclosure Statement at 5, 9 (same). Neither the Plan nor the Disclosure Statement, however, comprehensively discusses what distributions creditors would expect in this contingency. Although the Disclosure Statement provides a valuation of the Debtor's assets, *see* Disclosure Statement Exs. B, D (summary of schedules and balance sheet), neither the Plan nor the Disclosure Statement discuss why these valuations are reasonable, how they were derived, and when the Property was last appraised. The Disclosure Statement, therefore, should not be approved until the Debtor elaborates on its discussion of recoveries to creditors if its principal fails to sell other properties she owns or controls.

### The Disclosure Statement Fails to Provide a Comprehensive Discussion of the Tax Consequences of the Plan

Section 1125(a)(1) provides that "adequate information" means inclusion in a disclosure statement of "a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

In the Disclosure Statement, the Debtor simply states that it "does not believe that there are any tax consequences of confirmation or liquidation." *See* Disclosure Statement at 6. This conclusory statement is not backed by any review, discussion, or analysis of the relevant federal

tax statutes or regulations.  *See id.*   The Disclosure Statement, therefore, should not be approved until it includes a comprehensive discussion of the federal tax consequences of the Plan to the Debtor, its shareholders, and creditors, as envisioned by Section 1125(a)(1), including a full discussion of the analysis that the Debtor or its professionals undertook to develop the above-referenced position regarding federal tax consequences.

**The Disclosure Statement Fails to Discuss Post-confirmation Procedures the Debtor Would Undertake to Close the Case**

This Court's Local Bankruptcy Rule 3022-1 (the "Local Post-Confirmation Rule") requires that within "90 days after confirmation, the plan proponent shall file, on notice to the United States trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022."  E.D.N.Y. LBR 3022-1.  Although the Disclosure Statement and the Plan mention a final decree in connection with the discussion of the payment of United States Trustee quarterly fees, *see* Disclosure Statement at 8, Plan at 6, neither the Plan nor the Disclosure Statement contain provisions for submitting a final decree application and closing the case.  The Disclosure Statement and the Plan, therefore, should be revised to comply with the provisions of the Local Post-Confirmation Rule, by discussing, for instance, (i) whether the Debtor or its attorneys (who are to serve as disbursing agents) would submit a final decree application and (ii) when such an application would be submitted.

Additionally, the Disclosure Statement and the Plan should be revised to discuss when and how often any post-confirmation operating reports would be submitted (i.e., monthly, quarterly, and on which date of a month).  At present, the Plan simply states that the Debtor "will pay all United States Trustee fees and file all operating reports for so long as the case is open." *See* Plan at 8.

To address this concern, the United States Trustee requests that the Debtor include in the Plan and the Disclosure Statement the following language: "The reorganized Debtor shall (1) file quarterly post-confirmation reports; (2) pay all statutory fees due and payable, under 28 U.S.C. § 1930(a)(6), plus accrued interest under 31 U.S.C. § 3717, on all disbursements, including plan payments and disbursements inside and outside of the ordinary course of business, and (3) schedule quarterly post-confirmation status conferences until the entry of a final decree, dismissal or conversion of the case to chapter 7."   The Debtor should also obtain a date for a first post-confirmation status conference and disclose it in the Plan and the Disclosure Statement.

**<u>CONCLUSION</u>**

The Disclosure Statement is inadequate as currently drafted.  Accordingly, the United States Trustee respectfully requests that the Court decline to approve the Disclosure Statement in its current form, and grant such other and further relief as this Court deems appropriate and just.

Dated: Brooklyn, New York
June 6, 2012

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By*:*    */s/ Nazar Khodorovsky*
Nazar Khodorovsky
Trial Attorney
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
Tel. No. (718) 422-4960
Fax No. (718) 422-4990